**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**

**CIVIL ACTION NO. 5:23-CV-00149-KDB-DCK**

| | |
|---|---|
| **JAMES A. THOMPSON,** | |
| **Plaintiff,** | |
| **v.** | |
| **UNITED STATES OF AMERICA,** | |
| **Defendant.** | |

**CIVIL ACTION NO. 5:23-CV-00150-KDB-DCK**

| | |
|---|---|
| **KRISTINA THOMPSON,** | |
| **Plaintiff,** | |
| **v.** | |
| **UNITED STATES OF AMERICA,** | |
| **Defendant.** | |

**ORDER ON MOTIONS TO DISMISS**

**THIS MATTER** is before the Court in these related cases on Defendant's Motions to Dismiss (Doc. No. 4, 5:23-CV-00149; Doc. No. 3, 5:23-CV-00150). The Court has carefully considered these motions and the parties' briefs and exhibits in support and in opposition. In these actions, Plaintiffs James and Kristina Thompson (husband and wife) allege that they are entitled to an injunction against Wanda Griffin, an Internal Revenue Service employee, who allegedly

1

harassed Ms. Thompson, another IRS employee. Pursuant to the "Westfall Act," 28 U.S.C. § 2679, the United States has been substituted as the Defendant to respond to tort claims against a federal employee for conduct undertaken in the course of her official duties. (Doc. No. 8, 5:23-CV-00149; Doc. No. 6, 5:23-CV-00150). Because, among other reasons discussed below, Plaintiffs' claims are barred by sovereign immunity, the Court lacks jurisdiction over those claims, which also do not plausibly state a claim. Therefore, the Court will **GRANT** the motions.

## I.     LEGAL STANDARD

A motion to dismiss based on Federal Rule of Civil Procedure 12(b)(1) addresses whether the court has subject-matter jurisdiction to hear the dispute, *see* Fed. R. Civ. P. 12(b)(1), and Plaintiff bears the burden of proving that subject matter jurisdiction exists. *Evans v. B. F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "[F]ederal courts are courts of limited jurisdiction, constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (quotation omitted); *see Gunn v. Minton*, 568 U.S. 251, 256 (2013); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). There is no presumption that a federal court has subject-matter jurisdiction. *See Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). However, "when a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged." *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually

sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The court, however, accepts all well-pled facts as true and draws all reasonable inferences in Plaintiff's favor. *See Conner v. Cleveland Cty., N. Carolina*, No. 19-2012, 2022 WL 53977, at *1 (4th Cir. Jan. 5, 2022); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). In so doing, the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019). Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021) (quoting *Ashcroft*, 556 U.S. at 678). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## II. FACTS AND PROCEDURAL HISTORY

Plaintiffs James and Kristina Thompson brought these actions on or about August 30, 2023 against Defendant Wanda Griffin ("Defendant" or "Ms. Griffin") by filing a Complaint for No-Contact Order for Stalking or Nonconsensual Sexual Conduct and associated court papers (the "Complaint") in the North Carolina District Court for Catawba County, *Kristina Thompson v. Wanda Griffin,* No. 23-CVD-2141 and *James A. Thompson v. Wanda Griffin*, No. 23-CVD-2140

3

(the "State Cases"). In the State Cases Plaintiffs alleged that they were the "victim of unlawful conduct" by Ms. Griffin, who is a federal employee and whose alleged conduct was taken in connection with her federal employment with the IRS, where she serves as Area Director of the IRS's SBSE South Atlantic Area (which performs the audit function with respect to small businesses and self-employed taxpayers in this geographic region). Kristina Thompson also was at all material times an IRS employee. The State Cases were removed to this Court by Notices of Removal filed September 21, 2023. Doc. No. 1 (both cases).

Contemporaneously with the Notice of Removal, the United States Attorney, by virtue of statutory authority to do so, certified that Ms. Griffin was acting, with respect to the circumstances alleged by the Plaintiffs, within the scope of her federal employment. Doc. 1-2 (both cases). Based on this certification, Ms. Griffin moved to substitute the United States as the Defendants under the authority of 28 U.S.C. §§ 1346(b), 2671-2680. The Court ordered the substitutions on November 21, 2023. (Doc. No. 8, 5:23-CV-00149; Doc. No. 6, 5:23-CV-00150).

### III. DISCUSSION

Defendant seeks dismissal of this action on the grounds that Plaintiffs have failed to establish federal jurisdiction for a valid claim that is not barred by the United States' sovereign immunity. The Court agrees with the United States. Under the well-settled doctrine of sovereign immunity, the United States is shielded from suit, except to the extent that it has waived its immunity. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). A waiver of sovereign immunity is strictly construed in favor of the sovereign, *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005), and unless a plaintiff demonstrates that there has been an unequivocal waiver of sovereign immunity to which no statutory exceptions apply, the claim must be dismissed. *Id*. at 651; *see*

4

*also Middleton v. United States*, 2021 U.S. Dist. LEXIS 13095, *1-2 (E.D.N.C. Jan. 21, 2021) (dismissing action for lack of jurisdiction based on sovereign immunity where (as here) "[p]laintiff filed a complaint for a civil claim essentially seeking a restraining order and a no-contact order for stalking or non-consensual sexual conduct against a [federal] official...")

As explained in more detail in Defendant's memoranda in support of its motions, (Doc. No. 5, 5:23-CV-00149;  Doc. No. 4, 5:23-CV-00150), because the United States has been substituted as the Defendant under the Westfall Act, "plaintiff's sole route for recovery is the [Federal] Tort Claims Act." ("FTCA") *Maron v. United States*, 126 F.3d 317, 321 (4th Cir. 1997) (citing 28 U.S.C. § 2679(d)(1)). However, the FTCA, permits suit "only on the terms and conditions strictly prescribed by Congress," which includes the requirement that actions against the United States cannot proceed unless the claimant first presents a claim to the appropriate federal agency. *See Gould v. U.S. Dept. of Health and Human Services*. 905 F.2d 738, 741 (4th Cir. 1990); 28 U.S.C. §2675(a).  Here, Plaintiff has not presented any such administrative claim to the IRS pursuant to the FTCA, Case No. 5:23-cv-150, Doc. No. 4-1, (nor has Plaintiff alleged a prior administrative claim). Thus, any tort claim Plaintiff asserts against the United States must be dismissed for lack of subject matter jurisdiction.  *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990).

Moreover, intentional torts, such as the conduct alleged here, are not cognizable under the FTCA, and are expressly excluded from the limited waiver of the United States' sovereign immunity provided by the FTCA. *See Whedbee v. United States*, 352 F. Supp.2d 618, 628 (M.D.N.C. 2005) (even with prior exhaustion, cause of action for alleged intentional tort barred because "the federal courts would still have no subject matter jurisdiction as to that specific

5

claim"); *Blount v. United States*, 2020 U.S. Dist. LEXIS 49001, *1 (E.D.N.C. Mar. 20, 2020) (complaint for a no contact order for stalking or nonconsensual sexual conduct under North Carolina law found to be an intentional tort claim barred by sovereign immunity). This provides an independent basis for the absence of federal jurisdiction.

Finally, Plaintiffs' Complaints fail to state a claim because Plaintiff Kristina Thompson, prior to filing the instant Complaint in the State Case, had already brought and dismissed *with prejudice* the same cause of action against Wanda Griffin in the North Carolina District Court for Catawba County styled as *Kristina Thompson v. Wanda Grifffin*, Case No. 23-CVD-2090. *See* Doc. No. 4-2, 5:23-CV-00150. Having been dismissed with prejudice, the same claim cannot be asserted here, even against the United States as the substitute defendant. *Barnes v. McGee*, 21 N.C. App. 287, 289 (1974) (where defendant employee entitled to judgment against plaintiff's tort claim by virtue of prior dismissal with prejudice, summary judgment entered in favor of defendant employer).

Accordingly, the United States is entitled to dismissal of these actions.

## IV.    ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1.  Defendant's Motions to Dismiss (Doc. No. 4, 5:23-CV-00149;  Doc. No. 3, 5:23-CV-00150) are **GRANTED**; and

2.  The Clerk is directed to close these matters in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 23, 2024

Kenneth D. Bell
United States District Judge

7